UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR PORTER,<br><br>    Plaintiff,<br><br>  v.<br><br>VIVIAN HAMMAN, et al.<br><br>    Defendants. | No. 1:23-cv-01468-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 34) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a temporary restraining order, filed June 17, 2024.

**I.**

**DISCUSSION**

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that a court should award only when a plaintiff makes a clear showing that he is entitled to such relief. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). The substantive standards for a temporary restraining order are the same as those for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the

1  merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the
2  balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. See
3  Winter, 555 U.S. at 20. The irreparable injury must be both likely and immediate. Id. at 22; see
4  also Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("A
5  plaintiff must do more than merely allege imminent harm sufficient to establish standing; a
6  plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive
7  relief.").

8  　　　The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner
9  litigants seeking preliminary injunctive relief against prison officials. In such cases,
10  "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to
11  correct the harm the court finds requires preliminary relief, and be the least intrusive means
12  necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016
13  WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places
14  significant limits upon a court's power to grant preliminary injunctive relief to inmates, and
15  "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the
16  bargaining power of prison administrators—no longer may courts grant or approve relief that
17  binds prison administrators to do more than the constitutional minimum." Gilmore v. People of
18  the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited
19  to the parties in this action" and the pendency of an action "does not give the Court jurisdiction
20  over prison officials in general or over the conditions of an inmate's confinement unrelated to the
21  claims before it." Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). Further,
22  state governments have "traditionally been granted the widest latitude in the dispatch of [their]
23  own internal affairs." Rizzo v. Goode, 423, U.S. 362, 378 (1976) (citations omitted). This
24  deference applies even more strongly when the court is asked to involve itself in the
25  administrative decisions of a prison. See Turner v. Safely, 482 U.S. 78, 85 (1987); Sandin v.
26  Conner, 515 U.S. 472, 482-83 (1995).

27  　　　Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.
28  This action is proceeding only on Plaintiff's retaliation and violation of the Bane Act against

1   Defendant Vivian Hamman.  More specifically, Plaintiff alleges that Defendant Hamman
2   intentionally interfered with his First Amendment right to file a grievance by issuing a false report
3   charging him with masturbating.  (ECF Nos. 1, 8.)  In his current motion, Plaintiff contends that
4   he was assaulted by prison staff, forced into a cell with feces on the floor, and he is being
5   involuntarily medicated without a court order.  This Court does not have jurisdiction over prison
6   officials at the California Medical Facility in Vacaville, and it cannot issue the order Plaintiff
7   seeks.  Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.  Accordingly, because Plaintiff's
8   motion for a temporary restraining order concerns Defendants and claims not at issue in this
9   action, it must be denied.  However, Plaintiff is advised that this ruling does not foreclose
10  Plaintiff from raising his current allegations in a new civil rights action filed in the proper venue
11  if he so desires.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order (ECF No. 34) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 18, 2024**                                   _____
                                                              UNITED STATES MAGISTRATE JUDGE

3